USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/1/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL E. MEGGINSON,

                Plaintiff,

      -against-

RIKERS ISLAND SECURITY OF AMKC;
NEW YORK CITY DEPARTMENT OF
CORRECTION,

                Defendants.

22-CV-51 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

    Plaintiff, currently incarcerated at the Anna M. Kross Center (AMKC) on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that he was subjected to excessive force by seven correction officers. He alleges that the incident occurred at approximately 12:30 p.m. on December 19 or 20, 2021, at the AMKC "T-Post by main intake." Plaintiff mentions that Correction Officer Roomer was involved in this incident, but he does not name her as a defendant. (ECF 2 § 5.) By order dated January 23, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

**A.      Claims against Rikers Island Security of AMKC and the Department of Correction**

Plaintiff's claims against Rikers Island Security of AMKC and the New York City Department of Correction must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York and C.O. Roomer, the Court construes the complaint as asserting claims against the

City of New York and C.O. Roomer, and directs the Clerk of Court to amend the caption of this action to replace DOC with the City of New York and C.O. Roomer. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York and C.O. Roomer may wish to assert.

**B.      Waiver of Service**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York and C.O. Roomer waive service of summons.

**C.      Unidentified Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Department of Correction to identify the correction officers who allegedly assaulted Plaintiff with a chemical agent and batons at approximately 12:30 p.m. on December 19 or 20, 2021, at the AMKC "T-Post by main intake." (ECF 2 § 5.)

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the New York City Department of Correction, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[2] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

---

[2] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility,

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking Defendants to waive service.

D.      **Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of this order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

**CONCLUSION**

The Court dismisses Plaintiff's claims against Rikers Island Security of AMKC and the New York City Department of Correction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add as defendants the City of New York and Correction Officer Roomer, under Fed. R. Civ. P. 21.

The Clerk of Court is also directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants City of New York and Correction Officer Roomer waive service of summons.

---

the New York City Law Department must provide a residential address where the individual may be served.

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, New York, 10007.

An "Amended Complaint" form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:  January 31, 2022
        New York, New York

ALISON J. NATHAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

I.  **LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

II.  **PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name                Middle Initial                Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                      State                      Zip Code

III.  **PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6