

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | **MARY K. SHERWOOD**<br>*Assistant Corporation Counsel*<br>msherwoo@law.nyc.gov<br>Phone: (212) 356-2425<br>Fax: (212) 356-3509 |

May 19, 2022

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMORANDUM ENDORSED

  Re: Megginson v. The City of New York, et. al.
    22 Civ. 51 (AJN) (GWG)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendant the City of New York (the "City"). The City writes to respectfully request that the Court stay this action, and adjourn *sine die* all deadlines and conferences in this case, pending the conclusion of the New York City Department of Correction investigation into the underlying incident giving rise to this matter. This is the City's first request for a stay, and Plaintiff's position could not timely be obtained.

  By way of brief background, Michael Megginson ("Plaintiff") brought this action, pursuant to 42 U.S.C. § 1983, against "Rikers Island Security Team of AMKC" and "New York Department of Corrections." (Dkt. No. 2). Shortly thereafter, Plaintiff filed an Amended Complaint, in which he named the City of New York, Captain Cesar, Captain Christian, Correction Officer Rhooms (s/h/a "Ms. Roommer"), and one John Doe defendant as defendants. (Dkt. No. 10). Plaintiff alleged that defendants, along with a team of correction officers and captains, used excessive force against him and were deliberately indifferent to his medical needs when they sprayed OC spray at him, hit him with a shield, and left him shackled in the shower. (*Id.* at p. 4). Because Plaintiff also made a complaint to the New York City Department of Correction ("DOC"), upon information and belief, DOC is simultaneously investigating the incident alleged in the Amended Complaint. As of May 19, 2022, the investigation remains open and ongoing.

  The City respectfully requests that the Court stay this action until the investigation surrounding the incident is complete. Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986); *Volmar Distributors, Inc. v. N.Y. Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). More specifically, federal courts are

authorized to stay a civil action pending the outcome of a related proceeding. *See, e.g., Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings…when the interests of justice seem…to require such action.") (internal quotation marks and citations omitted).

This matter is properly stayed for three reasons. First, the internal investigation's outcome, should it result in discipline, may preclude representation of the individually named defendants by the Office of Corporation Counsel. Before this Office may assume representation of any individual defendants, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. *See* N.Y. Gen. Mun. Law § 50-(k); *Mercurio v. City of New York*, 758 F.2d 862, 864–65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." *See* § 50-(k)(2); *see also Mercurio*, 758 F.2d at 864–65; *Muniz v. City of New York*, No. 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation). Because of the open investigation, this Office cannot make a determination at this time as to whether each officer "was acting within the scope of his public employment," and likewise, this Office cannot make a decision regarding the representation of each defendant in the current action.

Second, the City cannot file a good faith response to the Complaint in accordance with Rule 11 of the Federal Rules of Civil Procedure until this Office can fully and fairly investigate Plaintiff's allegations by speaking with the involved officers and reviewing relevant documents. Until the investigation concludes, this Office will have limited access to any documents, recordings, or other information regarding the incident alleged in this case, or to any relevant materials generated by the DOC during the investigation because they are protected by law enforcement privilege. Law enforcement privilege was created, *inter alia*, to "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Nat'l Congress for Puerto Rican Rights v. City of New York, et al.*, No. 99 Civ. 1694 (SAS), 2000 U.S. Dist. LEXIS 4448, **5–6 (S.D.N.Y. Apr. 7, 2000) (citing *In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1998)). These same documents may also be protected from disclosure during the investigation's pendency by the deliberate process privilege. *See Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege) (internal citations and quotation marks omitted). If this Office cannot communicate with individual officers or receive documents, the City cannot even offer a version of the events in question, let alone prepare an effective defense of the claims asserted by Plaintiff. Consequently, should a stay be denied, defendant will be unable to effectively respond to the Amended Complaint, fully participate in court conferences, or prepare discovery in accordance with the time deadlines set forth in Local Civil Rule 33.2.

Finally, Plaintiff will <u>not</u> be prejudiced by a temporary stay in this case. Moreover, any potential prejudice would be significantly diminished by the fact that the DOC is investigating the incident. In fact, should a stay be issued until the conclusion of the investigation, the relevant

information will be compiled and presented in a way that will beneficially streamline discovery for all parties, including Plaintiff.

      As a result, the City respectfully requests that the Court stay this action. Because DOC's Investigative Division has not specified a timeline as to when the investigation will conclude, the City proposes that it file a status letter of whether a further stay shall be necessary in sixty (60) days, on July 22, 2022. Until then, the City respectfully requests that Court to stay all upcoming proceedings and filing deadlines including defendants' answer or response to the Amended Complaint, the City's Local Rule 33.2 Responses, and the City's obligation under the *Valentin* Order to ascertain the identity of the remaining defendant.

      Thank you for your consideration herein.

Respectfully submitted,

*Mary K. Sherwood*

Mary K. Sherwood
*Assistant Corporation Counsel*
*Special Federal Litigation*

cc:   VIA FIRST-CLASS MAIL

Michael E. Megginson
Book & Case No. 241-210-2023
George R. Vierno Center
NYC Department of Correction
09-09 Hazen Street
East Elmhurst, NY 11370[1]

The request to stay the deadline for compliance with the Order dated March 2, 2022 (Docket # 13) is denied, except with respect to the deadline for any served defendant to answer. The City shall comply with the March 2, 2022, Order by June 1, 2022. As to the request to stay the other deadlines in this case, any such deadline (including the deadline for any served defendants to answer) is temporarily stayed so that plaintiff may file a letter giving his position on the City's request if he wishes. Plaintiff may file any such letter within 7 days.

So Ordered.

*GABRIEL W. GORENSTEIN*
United States Magistrate Judge
May 19, 2022

---

[1] Although Plaintiff's address on the docket reflects he is housed in the Anna M. Kross Center the New York City Department of Corrections Inmate Lookup reflects Plaintiff's mailing address to be this address at the George R. Vierno Center.